UNITED STATES DISTRICT COURT
DITRICT OF MASSACHUSETTS

| | |
|---|---|
| J.O.,<br><br>     Plaintiffs<br><br>     V.<br><br>ANTHEM BLUE CROSS HEALTH AND LIFE INSURANCE COMPANY AND THE BEYOND BENEFITS LIFE SCIENCE ASSOCIATION TRUST EMPLOYEE BENEFIT PLAN,<br><br>     Defendants | CIVIL ACTION NO. |

**COMPLAINT**

1.  Plaintiff J.O. ("Plaintiff") brings this action against Anthem Blue Cross Health and Life Insurance Company ("Anthem"), and The Beyond Benefits Life Science Association Trust Employee Benefit Plan ("Plan") (collectively referred to as "Defendants"), for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). J.O. is a participant in the Plan, an ERISA welfare benefit plan, whose claims administration is handled by Anthem. The Plan is fully insured by a policy of insurance issued by Anthem.

2.  This Complaint challenges the Defendants': 1) failure to disclose all relevant documents utilized in its decision to limit J.O..'s benefits as required by ERISA; 2) failure to provide J.O. with a full and fair review of J.O.'s claim; and 3) failure to provide a reasonable claims procedure that would yield a decision on the merits of J.O.'s claim.

3.  Plaintiff is filing this action to obtain the documents required to permit J.O. to perfect his appeal of Defendants' erroneous decision to limit his benefits, to enforce his rights under the

1

Plan and under ERISA, to clarify his rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4.  This court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5.  J.O. resides in Massachusetts. At the time of his treatment, which is the subject of this Complaint, J.O. was a covered dependent under the Plan.

6.  The defendant, Anthem, is a for-profit corporation with its principal place of business in Indianapolis, Indiana. Anthem conducts business in Massachusetts, has offices in Massachusetts, and administers the Plan at issue.

7.  The Plan under which Plaintiff is suing is a health insurance plan defined by ERISA, 29 U.S.C.§1002(1).

8.  At all times relevant to the claims asserted in this Complaint, Anthem purported to act as an ERISA claims fiduciary with respect to participants of the Plan, generally, and specifically, with respect to Plaintiff, within the meaning of ERISA.

## STATEMENT OF FACTS

**Insurance Entitlement, Definitions of Disability, Discretion**

9.  As a Plan beneficiary, J.O. is entitled to health insurance benefits under a contract of insurance issued between The Beyond Benefits Life Science Association Trust and Anthem.

10. Anthem administers the Plan under which Plaintiff is suing.

11. Anthem is responsible for rendering the final determination as to coverage decisions on mental health claims for Anthem members.

12. Under the terms of the Plan, Anthem does not have discretionary authority to determine a claimant's eligibility for health insurance benefits and to interpret the terms and provisions of the Plan.

13. The Plan provides coverage for mental health treatment.

14. Defendants denied J.O.'s claims for mental health treatment.

**J.O.'s Claim for Benefits**

15. In 2023, J.O. required medication therapy for mental health treatment as offered under the terms of the Plan.

16. On May 2, 2023, Defendants denied J.O.'s claim for treatment.

**Request for Information**

17. The May 2, 2023 denial letter promised access to the following information as required by ERISA, stating:

> Can I get copies of documents for my records?
> Of course! You can call us or send a letter to ask for free copies of all documents, including the actual benefit provision, guideline, protocol or other similar criterion this decision was based on.

18. On July 18, 2023, counsel for the Plaintiff called Anthem, informed them of their representation of J.O., and requested the fax number or contact information to submit a written request for J.O.'s claim file.

19. On July 18, 2023, counsel for the Plaintiff submitted a request to Anthem for a copy of J.O.'s complete claim file, including all documents required to be disclosed under ERISA, and the guidelines referenced in the May 2, 2023 adverse benefit denial letter ("Claim File"). This letter was sent to Anthem via the fax number that was provided to counsel by Anthem during the July 18, 2023 telephone call. The letter informed Defendants of the documents requested, and its legal obligations under ERISA. The letter further informed Defendants that failure to provide the requested documents within thirty (30) days may result in a penalty of $110 per

day pursuant to ERISA's implementing regulations.

20. In his July 18, 2023 letter, Plaintiff also requested the following documents under the Mental

Health Parity and Addiction Equity Act ("MHPAEA") and ERISA from Anthem:

- The specific plan language regarding the limitation and identify all of the medical/surgical and mental health and substance use disorder benefits to which it applies in the relevant benefit classification;
- The factors used in the development of the limitation and the evidentiary standards used to evaluate the factors;
- The methods and analysis used in the development of the limitation; and
- Any evidence to establish that the limitation is applied no more stringently, as written and in operation, to mental health and substance use disorder benefits than to medical and surgical benefits.

21. On July 27, 2023, Plaintiff received correspondence from Anthem, dated July 19, 2023

stating:

We received a grievance on your behalf, but we need your approval before we can review it.

MALA RAFIK filed a grievance for you.

22. On August 11, 2023, Plaintiff received correspondence from Anthem, dated August 3, 2023,

again stating "we received a request from MALA RAFIK for a grievance" and "[w]e'll finish

our review within 30 days from the date we received your request."

23. No request for an appeal or grievance had been submitted to Anthem.

24. August 17, 2023 reflected thirty days from Plaintiff's request for the Claim File and the

MHPAEA guidelines. Counsel for the Plaintiff allowed Anthem additional time to comply

with its requirements under ERISA.

25. On August 29, 2023, counsel for Plaintiff called Anthem to reiterate that no appeal had been

requested, and to follow up on the request for J.O.'s Claim File. The Anthem member

services representative, Joseph, incorrectly transferred the call to a third-party subrogation

vendor, who was unable to transfer the call back to Anthem.

26. Counsel for Plaintiff called Anthem a second time on August 29, 2023 and spoke with Josh,

who again attempted to transfer the call to subrogation. During a 22-minute telephone call, Josh was unable to locate J.O.'s authorization allowing Anthem to discuss J.O.'s claims with counsel. Josh recommended resubmitting the authorization but advised that it would take 7-10 business days to be processed.

27. Counsel for Plaintiff resubmitted J.O.'s authorization that same day.

28. That same day, Plaintiff again wrote Anthem reiterating that his July 18, 2023 request was not an appeal, and restated his request for his complete Claim File, which had yet to be received.

29. On August 30, 2023, counsel for Plaintiff called Anthem and spoke with member services representative Nicole, who again attempted to transfer the call to subrogation. In a 1 hour 15-minute phone call, Nicole, after multiple holds, confirmed that the appeal which Anthem had generated in error had been withdrawn. Nicole confirmed that the request for the Claim File had not been fulfilled, and stated that it had been transferred to the claims department for handling. She estimated that it would take several more weeks to process. No explanation was provided for Anthem's delay.

30. On September 6, 2023, counsel for Plaintiff received correspondence from Anthem stating:

> We've received a request from Mala M. Rafik, for a grievance regarding: a request for documents related to the coverage decision concerning ketamine treatment.

> We've reviewed the request and found that it isn't a grievance. A grievance is a formal request to look at an adverse decision. We've sent the request to the correct department to handle.

31. On October 17, 2023, counsel for Plaintiff received correspondence from Anthem, dated August 30, 2023, containing solely Anthem's aforementioned August 30, 2023 correspondence stating that the request was not a grievance, copies of the claim forms and itemized receipts submitted to Anthem by J.O., Anthem's Medical Drug Clinical Criteria,

Anthem's May 2, 2023 denial letter, and a copy of counsel for Plaintiff's July 18, 2023 request for his Claim File.

32. To date, Plaintiff has received no further response from Anthem to his Claim File request.

33. Despite several communications seeking Defendants' guidelines demonstrating the Plan's compliance with the MHPAEA, Defendants have failed to disclose this information.

34. Despite several communications seeking J.O.'s complete Claim File, Defendants have failed to disclose this information.

35. Without this information, Plaintiff is unable to evaluate his claim for benefits, to pursue his claim for benefits, and to access reimbursement for the medically necessary treatment he required.

**ERISA's Disclosure Requirements**

36. Administrators have an obligation to provide information to Plan participants and beneficiaries. This obligation includes a duty to respond to written requests for information about employee benefits and the documents relevant to a claim for benefits. Plan participants and beneficiaries have a cause of action if administrators fail to provide the requested information.

37. Specifically, 29 U.S.C. § 1132(c) provides for penalties for an administrator's refusal to supply required information. Specifically, 29 U.S.C. § 1132(c) indicates:

> (1)    *Any* administrator....[who fails to provide certain information]
>
> > (B) who fails or refuses to comply with a request for any information which such administrator is ***required by this subchapter to furnish*** to ***a participant or beneficiary*** (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems

proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

38. The penalty is due to be paid by any administrator who fails or refuses to comply with a request for information "which such administrator is required by this subchapter to furnish to a participant or beneficiary."

39. This penalty applies to the failure to provide the documents relevant to the Plan: "(4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence. 29 U.S.C. §1024(b)(4).

40. In addition to the summary plan descriptions and other documents under which the plan is operated, 29 U.S.C. §1029 provides that the Secretary of Labor may also prescribe what other documents should be furnished:

> (c) Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries. The Secretary may prescribe the format and content of the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and *any other report, statements or documents* (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), *which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.*

[emphasis added]

41. Pursuant to §109(c) and 502(c) together, the Secretary is given authority to establish the format and content of what documents are required to be produced "by this subchapter."

Therefore, "Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to . . .may in the court's discretion be personally liable" for a § 502(c) penalty.

42. Also, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title. 29 U.S.C. § 1135.

43. The Secretary of Labor's ERISA claim procedures regulations, set out in 29 C.F.R. § 2560.503-1(h)(2)(iii) describe the documents an administrator must disclose upon written request.

44. The regulations state that, to provide a full and fair review, a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

45. Whether a document, record, or other information is relevant to a claim for benefits is determined by reference to 29 C.F.R. § 2560.503-1 (m)(8).

46. The Secretary explained at 29 C.F.R. § 2560.503-1 (m)(8) that the following documents are relevant to the claim, and are thus required to be produced under ERISA:

> (8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard

to whether such advice or statement was relied upon in making the benefit determination.

47. Defendants had an obligation to provide all the documents relevant to a claim that are required to be provided by the Department of Labor's ERISA claims regulations.

48. Defendants, as the Plan administrator and Plan, were in possession of all the documents requested by J.O. Moreover, Defendants were the only entities with any obligation to provide the documents who were also in possession of the documents requested.

49. To date, Defendants have failed to respond completely to J.O.'s request for these documents.

50. The Defendants' failure to respond to J.O.'s requests have prohibited J.O. from properly determining his rights under the Plan and under ERISA.

**The Mental Health Parity and Addiction Equity Act**

51. The MHPAEA requires that both fully insured and self-insured large group health plans that cover mental health and substance use disorder benefits do so in a way that is no more restrictive than for physical health (i.e., medical/surgical) benefits.

52. 29 C.F.R. § 2590.712(d)(3) requires plans subject to the MHPAEA to disclose the following information upon request:

> **(3)** *Provisions of other law.* Compliance with the disclosure requirements in paragraphs (d)(1) and (d)(2) of this section is not determinative of compliance with any other provision of applicable Federal or State law. **In particular, in addition to those disclosure requirements, provisions of other applicable law require disclosure of information relevant to medical/surgical, mental health, and substance use disorder benefits.** For example, ERISA section 104 and § 2520.104b-1 of this chapter provide that, for plans subject to ERISA, instruments under which the plan is established or operated must generally be furnished to plan participants within 30 days of request. **Instruments under which the plan is established or operated include documents with information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan.** In addition, §§ 2560.503-1 and 2590.715-2719 of this chapter set forth rules regarding claims and appeals, including the right of claimants (or their authorized representative) upon

appeal of an adverse benefit determination (or a final internal adverse benefit determination) to be provided upon request and free of charge, reasonable access to and copies of all documents, records, and other information relevant to the claimant's claim for benefits. **This includes documents with information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan**.

(Emphasis added).

53. Under 29 C.F.R. § 2590.712(d)(3), Defendants were required to provide Plaintiff with "instruments under which the plan is established or operated" within 30 days of Plaintiff's request.

54. Despite repeated requests, Defendants have failed to disclose the documents required by 29 C.F.R. § 2590.712(d)(3).

55. The requested documents under the MHPAEA are documents under which the plan is established or operated under 29 U.S.C. § 1024(b)(4).

56. The language of the Final Rules, 29 C.F.R. § 2590.712(d) specifically, and the language of the Consolidated Appropriations Act, 2021 ("CAA 2021") that amended MHPAEA make clear to plan sponsors, administrators, and insurers that Congress and the departments the relevance of the comparative analysis and their existence as a plan document.

57. Specifically, CAA 2021 makes it clear that the comparative analyses must be made available to state and federal agencies and covered individuals, upon request. It also made clear that ERISA plans must be prepared to disclose the new comparative analysis on request to the DOL beginning February 10, 2021. Gainwell's comparative analysis was not performed until over two years later.

58. Defendants have not maintained that the above information is not required to be disclosed under ERISA and the MHPAEA.

59. Without this information, Plaintiff is unable "to make informed decisions about how to best protect their rights.'" *Moothart v. Bell*, 21 F.3d 1499, 1503 (10th Cir. 1994).

**FIRST CAUSE OF ACTION**

**(PENALTY AGAINST DEFENDANTS AS THE ADMINISTRATORS OF THE PLAN FOR FAILURE TO PROVIDE DOCUMENTS**)

60. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

61. Under ERISA 29 U.S. Code § 1132 (a), "a civil action may be brought (1) by a participant or beneficiary (A) for relief provided for in subsection (c) of this section."

62. J.O. as a Plan participant and beneficiary has a right to enforce this obligation and seek redress of an administrator's violation.

63. Subsection (c) of 29 U.S.C. § 1132 notes that any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary," shall be "in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

64. On information and belief, Anthem is the plan administrator of J.O.'s Plan.

65. On information and belief, Anthem is the claims administrator for the Plan, and controls the entire claims and appeals process.

66. 29 U.S.C. § 1132(c), the terms of the Plan, and Defendants own interpretation of ERISA's requirements and the Plan terms as articulated in its adverse determination letters require Anthem to disclose J.O.'s Claim File to him within 30 days of a written request for information.

67. 162 days have passed since J.O. requested a copy of his Claim File. 162 days have passed since Defendants were required to disclose J.O. Claim File.

68. At $110 per day, Defendants should be penalized $17,820 for their failure to disclose J.O.'s Claim File pursuant to his written request.

69. Defendants' actions in failing to provide J.O. with a copy of the documents relevant to Defendants' adverse benefit decision and the Plan documents constitutes a violation of ERISA.

70. J.O. has been harmed by Defendants' failure to provide such documents. His ability to pursue his appeal of Defendants' adverse benefit decision has been negatively impacted by Defendants' failure to disclose a copy of J.O.'s Claim File and the Plan documents.

71. Defendants' disregard for ERISA's requirement that they disclose a copy of his Claim File in response to a denial of health insurance benefits mandates the application of the maximum penalty for the withholding of documents pursuant to ERISA.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (ALL DEFENDANTS)

72. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

73. Defendants failed to provide J.O. with the information required by ERISA to pursue its unsupported adverse benefit decision.

74. As a direct, proximate, and foreseeable result of the Defendants' misconduct, J.O. has been injured and is entitled to equitable and other relief.

75. J.O. is entitled under 29 U.S.C. §1132 to an order requiring the Defendants to provide him with the requested Plan documents.

76. J.O.'s pursuit of this matter benefits all members of the Plan, particularly those individuals unaware of ERISA's disclosure requirements, the timeframes for those disclosures, and how to effectively appeal an adverse benefit decision.

## THIRD CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

77. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

78. Under the standards applicable to ERISA, Plaintiff deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. §1132(g).

79. The Defendants have the ability to satisfy the award.

80. Plaintiff's conduct of this action is in the interests of all participants who subscribe to the Plan, particularly those whose benefits have been denied, and the relief granted hereunder will benefit all such participants.

81. The Defendants acted in bad faith in denying J.O.'s request for documents to which he is entitled under the Plan despite their promises to provide such information and the requirement to make such information available to Plan participants.

82. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1)     Declare, adjudge and decree that Defendants are required to disclose J.O.'s Claim File to J.O., without any redaction or withholding of documents.

(2)     Declare, adjudge and decree that the Defendants are required to pay J.O. the full amount of the statutory penalty under 29 U.S.C. § 1132(c)(1) as of the date the documents are disclosed to Plaintiff.

(3)      Order that the Defendants make restitution to Plaintiff in the amount of any losses

sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together

with prejudgment interest.

(4)      Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(5)      Award such other relief as the court deems just and reasonable.


Dated: December 27, 2023                     Respectfully submitted for the Plaintiff,


By:      _____

Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
184 High Street, Suite 503
Boston, MA 02110
T: 617-723-7470
F: 617-227-2843
E:  mmr@rosenfeld.com